IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSHUA EIN 131640299, § | |
| aka Joshua Jamal Muhammad, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-0350-O-BP |
| § | |
| UNITED STATES POSTAL SERVICE, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joshua EIN #131640299 (aka Joshua Jamal Muhammad) ("Plaintiff") has filed a civil case. ECF No. 1. Resolution of preliminary matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Joshua EIN #131640299 (aka Joshua Jamal Muhammad) is the Plaintiff. In his Complaint, Plaintiff lists the United States Postal Service as Defendant. *See* ECF No. 1.

C.   LEGAL ANALYSIS

Plaintiff filed this suit accompanied by a document entitled "Affidavit of Truth Verified Statement" in which he wrote "I, Joshua EIN #131640299 am Levy exempt from all obligations and public claims through the use of my private unlimited credit made available by my personal

UCC Account #131640299." ECF No. 2.  Because that document provided no information about Plaintiff's income and assets, and because he had not completed the Court's required in-form-pauperis application form, the Court issued an Order and Notice of Deficiency directing Plaintiff to complete and file a fully completed long-form in-forma-pauperis application, in order for the Court to make the pauper determination. ECF No. 5. That order directed Plaintiff to file the fully completed long-form within fourteen days of April 26. *Id*.  And it directed that **"failure to timely submit the applicable fees or a fully completed application to proceed in forma pauperis within 14 days could result in the dismissal of this case without further notice."** *Id.* (citing Fed. R. Civ. P. 41(b)).

Plaintiff has not completed and filed the requisite form. Instead, he filed another document entitled "Application to Proceed." ECF No. 6.  But that document does not include any information sufficient to enable the Court to determine whether he qualifies to proceed IFP—that is "an affidavit that includes a statement of all assets . . . [and] that the person is unable to pay such fees of give security therefore." 28 U.S.C. § 1915(a)(1) (West 2022). Rather, Plaintiff once again wrote that he was "levy exempt and reserve my rights to proceed through the use of my private personal UCC Trust Account # 13-1640299," and contends that "any attempt to dismiss this matter for lack of cost would go against the interest of Justice." ECF No. 6. Because Plaintiff has wholly failed to file the fully completed in-forma-pauperis application, he has failed to comply with this Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Because Plaintiff has failed to comply

with this Court's Notice of Deficiency and Order, and has instead filed a non-responsive document, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

### **RECOMMENDATION:**

It is therefore **RECOMMENDED** that that all of Plaintiff's claims be **DISMISSED** for failure to comply with a Court order and for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on May 16, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3